Kirkpatrick, C. J.
— As far as can be collected from the return of the justice, this action seems to have been instituted to recover back twenty-five dollars which had been expended in the support of a negro man, named Francis, who was alleged to be the slave of Shotwell, the defendant below.
Sundry reasons are assigned for the reversal of this judgment, most of which are, perhaps, sufficient in the law. Such as go to the form of proceeding merely, I shall pass over, and consider those only which seem to me, to strike at the root of the very action.
In the first place. The money said to have been paid out and expended, was the money of the township. If the overseers, or any one of them, have paid it out in a regular and lawful manner, they have done their duty. They are the agents of the township, for this purpose. They have performed their office. No action will lie against them to recover it back. If the defendant, Shotwell, is liable to refund at all, (and certainly he is so, if the negro was his slave,) he is liable to the township. The money was theirs. The right of action was theirs. The suit ought to have been brought in their name of incorporation.
*57 In the second place. It appears from the return, that the money was expended by Kelly only; Thornel and Everitt having had no participation in the transaction. If then it was expended without authority in such way as that he cannot obtain allowance for it in his account with the township, it must be considered as expended by him in his private and individual capacity, for the use of the defendant, and the action ought to have been brought by him in that way accordingly.
In the third place. In the,eleventh section of the act for the relief and settlement of the poor, it is expressly directed, that all expenditure for the poor, to be made by the overseers, shall be by the order of a justice of the peace, [*] made in writing, <Sfc. And that upon such order, the names of the poor shall be registered in a book to be kept for that purpose, with their weekly allowance, &c. This order and entry were called for on the trial, by the defendant, but were not produced, nor was there even parol testimony that such ever existed. The overseers, therefore, as such, had no authority to spend this money. They cannot according to their pleasure, supply a man’s slave with food and raiment and then compel the master to pay for it. This would be a novel doctrine indeed.
I am for a reversal.
Rossejx, J. — Concurred.
Pennington, J.
— Whatever the justice and equity of the plaintiffs’ case may be, they must make out a legal cause of action before they can recover their demand in a court of law. It is evident, the money for which this action was brought before the justice, was not laid out and expended in conformity to the poor laws, no written order having been made, authorizing it, which the poor laws require; and if it had been expended under the poor laws, the right of action must then have been in the inhabitants of the township, and not the overseers of the poor, who are not a corporation for the purpose of suing and being sued. But as this money was not expended in conformity to the poor laws, the overseers of the poor cannot be allowed it, in settling their accounts with the town. It must then, be considered as money expended by private persons, without public authority. I have no difficulty in rejecting the addition of overseers of the poor as surplusage, but then no joint cause of action is made out; it appearing that the money was laid out and expended by Lewis Kelly, one of the plaintiffs below. If he expended the money of the town, in the way it is contended that he did, he must account to the town for it. *58 If, therefore, there is any remedy in this case, it must arise out of a private right of action in Kelly, against the defendant [*[ below; of this, not being called on to do it, I give no opinion. I am clear, however, that this judgment must be reversed. — Judgment Reversed.